# EXHIBIT B-1

\

# I.A.T.S.E. ANNUITY FUND

# RULES AND REGULATIONS

(as amended and restated, effective as of January 1, 2014)

05/08/2014 7:02 pm

2092/38966-001 current/43155839v6

# I.A.T.S.E. ANNUITY FUND
# RULES AND REGULATIONS

Unless it is specifically indicated otherwise, these I.A.T.S.E. Annuity Fund Rules and Regulations (the "Plan") apply to benefit payments awarded under the Plan on or after January 1, 2014 to Employees who have worked in Covered Employment on or after that date. Except as otherwise provided, the rights of other Annuitants and Employees who left Covered Employment before January 1, 2014 are governed by the terms of the Plan in effect at the time they left Covered Employment.

Pursuant to the authority vested in the Board of Trustees of the I.A.T.S.E. Annuity Fund under an Agreement and Declaration of Trust entered into the 21st day of September, 1973, as amended, the Board of Trustees of the I.A.T.S.E. Annuity Fund has from time to time supplemented and amended the Plan, and has amended and restated the Plan effective as of January 1, 2014, to incorporate Plan amendments made since the last amendment and restatement of the Plan, which was effective as of January 1, 2008, and to make certain additional changes required or permitted under recent legislative and regulatory changes, and to make certain other desired changes, to read as follows:

**Section 1.22        Plan.**

"Plan" means the Rules and Regulations set forth herein, which are intended to and do hereby establish this as a profit-sharing plan within the meaning of Section 401(a) of the Code and other applicable provisions of the Code.

**Section 1.23        Plan Year.**

The term "Plan Year" as used herein shall mean the twelve-month period January 1 to December 31.

**Section 1.24        Qualified Joint and Survivor Annuity.**

A "Qualified Joint and Survivor Annuity" means an annuity for the life of the Participant with a survivor annuity for the life of the Participant's Spouse which is 50% or 75% of the amount of the annuity payable during the joint lives of the Participant and the Participant's Spouse. The Qualified Joint and Survivor Annuity benefit will be the amount of monthly lifetime benefits that can be purchased from an insurance company with, and is the actuarial equivalent of, the Account Balance in the Participant's Individual Account at the time payment is due.

**Section 1.25        Qualified Preretirement Survivor Annuity.**

"Qualified Preretirement Survivor Annuity" means an annuity for the life of the surviving Spouse of a deceased Participant. The Qualified Retirement Survivor Annuity will be the amount of monthly lifetime benefits that can be purchased from an insurance company with, and is the actuarial equivalent of not less than 50% of the Account Balance of the Participant at the time payment is due.

**Section 1.26        Required Beginning Date.**

A Participant's "Required Beginning Date" as used herein shall mean April 1 of the calendar year following the later of the calendar year in which the Participant attains age 70 ½ or retires. However, for a 5-percent owner, the required beginning date shall be the April 1 of the calendar year following the calendar year in which the Participant attains age 70 ½.

A Participant shall be deemed a 5-percent owner if he or she is a 5-percent owner (as defined by Code Section 416(i)) of an Employer at any time during the Plan Year ending with or within the calendar year in which such Participant attains age 70 ½. Once distributions have begun to a Participant who is 5-percent owner under this Section, they must continue to be distributed, even if the Participant ceases to be a 5-percent owner in a subsequent year.

Effective January 1, 2010, for those who attain 70 ½ on or after that date, "Required Beginning Date" shall mean the April of the calendar year following the calendar year in which the Participant attains age 70 ½.

**Section 1.27        Retirement.**

"Retirement" means the complete withdrawal by an Employee from Covered Employment.

7

# ARTICLE VIII

## Withdrawal and Benefit Payments

**Section 8.01**     **Applications for Withdrawals.**

Application for all benefits must be applied for in writing and filed with the Trustees on a form and in a manner prescribed by the Trustees. Each withdrawal shall be charged against the applicable account as of the date such withdrawal is made, and, if the Participant's Account Balance is invested in more than one investment option, the amount in each option shall be charged on a pro-rata basis.

(a)     **Withdrawals from Rollover Contribution Accounts.**

A Participant may withdraw all or a part of his Rollover Contribution Account as of the last day of any calendar month by filing a written request at least 30 days before the proposed withdrawal date.

(b)     **Withdrawals from Salary Reduction Account or Employer Contribution Account.**

A Participant may withdraw all or a portion of his Salary Reduction Account or Employer Contribution Account in accordance with Article VII.

**Section 8.02**     **Information and Proof.**

Every Participant, Annuitant or Beneficiary shall furnish, at the request of the Trustees, any information or proof reasonably required for the administration of the Plan or for the determination of any matter that the Trustees may legitimately have before them. Failure to furnish such information or proof promptly and in good faith shall be sufficient reason for the denial of benefits to such Participant or Beneficiary, or the suspension or discontinuance of benefits to such Annuitant. The falsity of any statement material to an application or the furnishing of fraudulent information or proof shall be sufficient reason for the denial, suspension or discontinuance of benefits under this Plan and in any such case, the Trustees shall have the right to recover any benefit payments made in reliance thereon.

**Section 8.03**     **Action of Trustees.**

The Trustees shall be the sole judges of the standard of proof required in any case. In the application and interpretation of any of the provisions of this Plan, the decisions of the Trustees shall be final and binding on all parties including Participants, Annuitants, Beneficiaries, Employers and the Union. In the event of a scrivener's error that renders a Plan term inconsistent with the Trustees' intent, the Trustees' intent controls, and any inconsistent Plan term is made expressly subject to this requirement. Any determination made by the Trustees shall be given deference in the event it is subject to judicial review and shall be overturned only if it is arbitrary and capricious.

The Trustees possess discretionary powers to interpret the rules of this Plan and shall exercise such powers in a uniform and non-discriminatory manner. Without limiting the generality of the

29

foregoing, the Trustees shall have the sole and absolute discretionary authority to: (1) take all actions and make all decisions with respect to the eligibility for, and the amount of, benefits payable under the Plan; (2) formulate, interpret and apply the rules, regulations and policies necessary to administer the Plan in accordance with its terms; (3) decide questions, including legal or factual questions, relating to the calculation and payment of benefits under the Plan; (4) resolve and/or clarify any ambiguities, inconsistencies and omissions arising under the Plan or other Plan documents; and (5) process and approve or deny benefit claims, and rule on any benefit exclusions. Trustees shall process an application for benefits as speedily as is feasibly consistent with the need for adequate information and proof necessary to establish the applicant's benefit rights and to commence the payment of benefits. The Trustees may delegate any duties or powers as they deem necessary to carry out the administration of the Plan.

**Section 8.04     Benefit Payments Generally.**

(a)   A benefit shall not be paid before an application has been filed except to the extent that the Trustees find that failure to make timely application was due to extenuating circumstances.

(b)   Benefits shall be payable commencing with the month following the month in which the applicant has fulfilled all the conditions for entitlement to benefits, including the requirement of Section 8.01 for the filing of an application with the Trustees.

(c)   The payment of benefits shall begin no later than 60 days after the later of the following dates:

   (1)   The end of the calendar year in which the Participant attained Normal Retirement Age, or

   (2)   The end of the calendar year in which the Participant retired.

In any event, the Trustees need not make payment before the date of filing of the application for benefits or before they are first able to ascertain entitlement to or the amount of the benefits and once payment commences it shall be from the date as of which the Participant first became entitled to payment.

Anything herein to the contrary notwithstanding, the Fund will begin benefit payments to all Participants in accordance with Section 7.09 whether or not they apply for benefits, unless the whereabouts of the Participant cannot be ascertained within a reasonable time prior to such Participant's Required Beginning Date.

If a Participant who is definitely located fails to file a completed application for benefits on a timely basis, the Fund will establish the Participant's Required Beginning Date as the Annuity Starting Date and begin benefit payments as follows:

   (1)   If the Participant's Account Balance is no more than $5,000, in a single lump-sum payment in accordance with Section 7.04(a), above.

and the benefits requested by the Claimant must have been denied in whole or in part, or another adverse benefit determination must have been made.

**Section 8.07** **Recovery of Overpayments.**

If for any reason benefit payments are made to any person from the Fund in excess of the amount which is due and payable for any reason (including, without limitation, mistake of fact or law, reliance on any false or fraudulent statements, information or proof submitted by a Claimant, or the continuation of payments after the death of a Participant or Beneficiary entitled to them), the Trustees (or the Plan Administrator or any other designee duly authorized by the Trustees) shall have full authority, in their sole and absolute discretion, to recover the amount of any overpayment (plus interest and costs). That authority shall include, but not be limited to, (i) the right to reduce benefits payable in the future to the person who received the overpayment, (ii) the right to reduce benefits payable to a surviving Spouse or other Beneficiary who is, or may become, entitled to receive payments under the Plan following the death of that person, and/or (iii) the right to initiate a lawsuit or take such other legal action as may be necessary to recover any overpayment (plus interest and costs) against the person who received the overpayment, or such person's estate.

**Section 8.08** **Beneficiary Designation.**

A Participant may designate a Beneficiary on a form provided by the Trustees and delivered to the Trustees before death. A Participant may change his Beneficiary (without the consent of the Beneficiary) in the same manner. However, for married Participants, survivor benefits will be paid in accordance with Sections 7.02(e) and 7.07 hereof.

When there is more than one person within the classes hereinafter designated entitled to the benefits as herein provided, such benefits shall be shared by such persons in equal amounts. If no Beneficiary has been designated or no Beneficiary has survived the Participant or Annuitant, or if the designated Beneficiary survives the Participant or Annuitant but dies prior to receiving the full or remaining amount of the Account Balance, distribution shall be made in the order of priority specified, to the person or persons falling within the following named classes: first, the surviving Spouse of the Participant or Annuitant; second, the surviving child or children (natural or legally adopted) of the Participant or Annuitant; and third, the surviving parent or parents of the Participant or Annuitant. If no Spouse, children or parents survive the Participant or Annuitant, distribution shall be made to the deceased Participant's or Annuitant's executor or administrator.

**Section 8.09** **Incompetence or Incapacity of an Employee, Annuitant or Beneficiary.**

In the event it is determined that any Participant, Annuitant, or Beneficiary is unable to care for his affairs because of mental or physical incapacity, any benefit due such Participant, Annuitant or Beneficiary, may be applied in the discretion of the Trustees for his maintenance and support, or the maintenance and support of his Spouse or minor children, unless claim therefor has been made by his legal guardian, committee, or legal representative.

34

IN WITNESS WHEREOF, the Trustees have caused this amended and restated Plan to be executed on this 11 day of September 2014

**I.A.T.S.E. ANNUITY FUND**

| **UNION TRUSTEES:** | **EMPLOYER TRUSTEES:** |
|---|---|
| UNION TRUSTEES | EMPLOYER TRUSTEES |
| _/s/_ Matthew D. Loeb | _/s/_ Christopher Brockmeyer |
| _/s/_ Daniel DiTolla | _/s/_ Dean Ferris |
| _/s/_ William Gearns | _/s/_ Jason Laks |
| _/s/_ Ronald Kutak | Paul Libin |
| _/s/_ Brian Lawlor | Carol Lombardini |
| _/s/_ Patricia White | Sean Quinn |
| _/s/_ James B. Wood | Howard S. Welinsky |

50

2092/38966-001 current/43155839v6

*Annuity Plan*

IN WITNESS WHEREOF, the Trustees have caused this amended and restated Plan to be executed on this ___ day of _____, 20__.

**I.A.T.S.E. ANNUITY FUND**

| **UNION TRUSTEES:** | **EMPLOYER TRUSTEES:** |
|---|---|
| UNION TRUSTEES | EMPLOYER TRUSTEES |
| _____ | _____ |
| Matthew D. Loeb | Christopher Brockmeyer |
| _____ | _____ |
| Daniel DiTolla | Dean Ferris |
| _____ | _____ |
| William Gearns | Jason Laks |
| _____ | _____ |
| Ronald Kutak | Paul Libin |
| _____ | _____ |
| Brian Lawlor | Carol Lombardini |
| _____ | _____ |
| Patricia White | Sean Quinn |
| _____ | _____ 9/15/14 |
| James B. Wood | Howard S. Welinsky |

50

*Annuity Plan*

IN WITNESS WHEREOF, the Trustees have caused this amended and restated Plan to be executed on this 17th day of September 2014.

**I.A.T.S.E. ANNUITY FUND**

| UNION TRUSTEES: | EMPLOYER TRUSTEES: |
|---|---|
| UNION TRUSTEES | EMPLOYER TRUSTEES |
| Matthew D. Loeb | Christopher Brockmeyer |
| Daniel DiTolla | Dean Ferris |
| William Gearns | Jason Laks |
| Ronald Kutak | Paul Libin |
| Brian Lawlor | Carol Lombardini |
| Patricia White | *[signed]* Sean Quinn |
| James B. Wood | Howard S. Welinsky |

50

*Annuity Plan*

IN WITNESS WHEREOF, the Trustees have caused this amended and restated Plan to be executed on this 16 day of September 2014

I.A.T.S.E. ANNUITY FUND

| **UNION TRUSTEES:** | **EMPLOYER TRUSTEES:** |
|---|---|
| UNION TRUSTEES | EMPLOYER TRUSTEES |
| Matthew D. Loeb | Christopher Brockmeyer |
| Daniel DiTolla | Dean Ferris |
| William Gearns | Jason Laks |
| Ronald Kutak | Paul Libin *(signed)* |
| Brian Lawlor | Carol Lombardini |
| Patricia White | Sean Quinn |
| James B. Wood | Howard S. Welinsky |

50

IN WITNESS WHEREOF, the Trustees have caused this amended and restated Plan to be executed on this 22nd day of October, 2014.

I.A.T.S.E. ANNUITY FUND

| **UNION TRUSTEES:** | **EMPLOYER TRUSTEES:** |
|---|---|
| UNION TRUSTEES | EMPLOYER TRUSTEES |
| Matthew D. Loeb | Christopher Brockmeyer |
| Daniel DiTolla | Dean Ferris |
| William Gearns | Jason Laks |
| Ronald Kutak | Paul Libin |
| Brian Lawlor | Carol Lombardini |
| Patricia White | Sean Quinn |
| James B. Wood | Howard S. Welinsky |

50