UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KA-LAI WONG,                                        23 Civ. 7629 (PAE)

                Plaintiff,

                                                                                            **SECOND AMENDED**
                                                                                           **COMPLAINT**
                -against-                              (Jury Trial Demanded)

I.A.T.S.E., as Plan Administrator of the I.A.T.S.E.
Annuity and Pension Funds,

                Defendant.

------------------------------------------------------------------x

Plaintiff Ka-Lai Wong, by and through her attorney, Kasell Law Firm, as and for its Second Amended Complaint against I.A.T.S.E. Annuity Fund and the Board of Trustees of the I.A.T.S.E. Annuity Fund (collectively referred to as "Defendant" or "I.A.T.S.E."), alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, alleging breach of fiduciary duties that caused damages to Plaintiff as the sole intended beneficiary of the death benefits of Sean David McClintock, a deceased member of the International Alliance of Theatrical Stage Employees, seeking appropriate equitable relief including monetary compensation to redress such violations and other relief that the Court deems appropriate.

2. Plaintiff is a single mother who resides in Bay Ridge, Brooklyn.

3. Plaintiff was the fiancé of Mr. McClintock before his sudden and unexpected death on July 17, 2022.

4. Plaintiff has previously undergone an appeals process to Defendant.

1

5. Despite having been presented with a signed beneficiary form naming Plaintiff as Mr. McClintock's intended beneficiary dated June 22, 2022, Defendant denied Plaintiff's claim and elected to award Mr. McClintock's annuity fund benefits to his parents who Mr. McClintock hated.

6. Mr. McClintock's hated his father, who abused him, and his mother who did not protect him from his father. Mr. McClintock's sister has confirmed in text messages the abuse of Mr. McClintock by his father and Mr. McClintock's hatred and animosity to his mother and father.

## JURISDICTION AND VENUE

7. The initial complaint was initially filed on July 31, 2023, in Supreme Court, County of New York, under Index Number 157589/2023 before Defendant removed it to this Court based on 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1441 (removal of civil action)

8. Venue is proper because Defendant is deemed to reside in this District.

## DEFENDANT

9. Defendant is the I.A.T.S.E. Annuity Fund and Board of Trustees of the I.A.T.S.E. Annuity Fund, collectively referred to as "Defendant" or "I.A.T.S.E" in the complaint.

10. The Annuity Fund was established pursuant to collective bargaining agreements in 1973 and by Agreements and Declarations of Trust, which have been amended from time to time thereafter.

11. The Annuity Fund is an "employee benefit plan" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

12. The principal place where the Annuity Fund is administered is 417 Fifth Avenue, 3rd Floor, New York, New York 10016.

13. The purpose of the Annuity Fund is to receive contributions from employers that are parties to collective bargaining agreements with the International Alliance of Theatrical Stage Case Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada and its affiliated locals, to invest and maintain those monies, to provide, *inter alia*, annuity benefits to beneficiaries.

14. The Board of Trustees is comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

## FACTUAL ALLEGATIONS

15. Mr. McClintock was an audio engineer who was most well-known for his work with the Metropolitan Opera House (also known as "The Met"), an opera house located at Lincoln Square on the Upper West Side of Manhattan in New York City.

16. Mr. McClintock also worked with artists ranging from Jimmy Buffet to the Rolling Stones and engineered such projects as the Super Bowl Halftime, Kennedy Honors and Miss Universe.

17. McClintock was a member of I.A.T.S.E., including I.A.T.S.E. Local 100, Local 1 and Local 794, and participated in Defendants' employee benefit plans.

18. Plaintiff was the fiancé of Mr. McClintock.

19. Plaintiff was Mr. McClintock's intended beneficiary of the benefits payable upon Mr. McClintock's death.

20. Indeed, Mr. McClintock signed two beneficiary forms dated June 25, 2022, naming Plaintiff as the intended beneficiary.

21. On July 17, 2022, Sean McClintock died unexpectedly at the age of 54 years old.

22. Defendant had and continues to have fiduciary duties to Mr. McClintock and his intended beneficiary.

23. Defendant had and continues to have a fiduciary duty to ensure that the benefits payable upon the death of the participant reach the participant's intended beneficiaries.

24. Defendant had and continues to have a fiduciary duty to discharge its duties with respect to the plans solely in the interest of participants and beneficiaries.

25. Defendant had and continues to have a fiduciary duty to develop educational materials to help participants such as Mr. McClintock understand the importance of beneficiary designations, how they work, when they become legally binding, the importance of updating them when life events occur, and all the ways that they may be updated.

26. Defendant had and continues to have a fiduciary duty to ensure that participants are aware of when they should consider changing their beneficiary designation.

27. Defendant had and continues to have a fiduciary duty to use technology to ensure that the steps participants must take to make changes to their designation are effective and to educate participants, including Mr. McClintock, about how they may use that technology.

28. Defendant had and continues to have a fiduciary duty to ensure that any technology they use may be easily used by participants to make changes to their designation.

29. Defendant breached the fiduciary duties listed above.

30. For example, Defendant breached its fiduciary duty by not developing educational materials that would have helped Mr. McClintock understand the importance of beneficiary designations, how they work, the importance of updating them when life events occur, and how to update them.

31. Among other things, Defendant did not deliver appropriate educational materials to Mr. McClintock to remind him to make any beneficiary election changes when significant changes in life events happen.

32. Defendant did not conduct an annual review of its participants' forms to make sure that they were complete and updated.

33. Indeed, prior to designating Plaintiff, Mr. McClintock had never completed the form with a designation of beneficiary.

34. On June 25, 2022, Mr. McClintock completed and signed two forms: the "I.A.T.S.E. Pension Fund Beneficiary Designation Form" and the "I.A.T.S.E. Annuity Fund Beneficiary Designation & Qualified Preretirement Survivor Annuity Waiver." Both forms designate the Plaintiff as his sole beneficiary.

35. The forms did not inform Mr. McClintock that he could use an online portal to file the forms with Defendants.

36. On July 17, 2022, twenty-two (22) days after designating the Plaintiff as his beneficiary, Mr. McClintock suddenly passed away.

37. The beneficiary forms were not submitted by Mr. McClintock to the Defendant before his untimely death.

38. Defendant has denied the Plaintiff's appeal to be awarded the benefits of Mr. McClintock.

39. As a result of Defendants' malfeasance and breach of its fiduciary duties, Defendants have stated it will pay, or has paid, the benefits to Mr. McClintock's parents and the benefits payable upon the death of Mr. McClintock will not reach Plaintiff, Mr. McClintock's intended beneficiary.

40. This is completely contrary to Mr. McClintock's intent as Mr. McClintock hated his father, who abused him, and his mother who did not protect him from his father. Mr. McClintock's sister has confirmed in text messages the abuse of Mr. McClintock by his father and Mr. McClintock's hatred and animosity to his mother and father.

41. Attached to this Amended Complaint is the appeal filed by Ms. Wong to Defendant by her lawyer which includes the relevant exhibits referenced in the Complaint including the signed forms, text messages between Mr. McClintock and Plaintiff, and the text messages between Mr. McClintock's sister and Plaintiff.

## FIRST CLAIM
### Breach of Fiduciary Duty with Relief Sought Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)

42. Defendant was, and is, a fiduciary with respect to its exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

43. 29 U.S.C. § 1104(a)(1)(A) requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

44. 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

45. 29 U.S.C. § 1104(a)(1)(D) requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

46. In committing the acts and omissions herein alleged, Defendant breached its fiduciary duties in violation of 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

47. Defendant breached its fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461, as specified above in paragraphs 15-41, and in addition by failing to: deploy electronic beneficiary designation processes, use email as a way to receive documents, review designations when not completed, solicit new designations upon life events, and maintain current and accurate beneficiary designations, and otherwise not educating its participants, including Mr. McClintock, of how they might use online portals to send Defendant beneficiary forms or otherwise educating participants in when documents became legally binding.

48. Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks for the relief, including appropriate equitable relief and monetary compensation, to redress the violations above.

49. Pursuant to 29 U.S.C. §1132(g), Plaintiff also respectfully requests that the court grant Plaintiff's attorneys' fees and costs.

## JURY DEMAND

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the court enter judgment in its favor and against Defendant for the relief specified above including monetary compensation, reasonable attorney fees and the cost of this action and for such and further relief as to this court deems just and proper.

Dated:  October 30, 2023
Long Island City, New York

/s/ *David Kasell*

                                        David M. Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668
Attorney for Plaintiff