**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ka-Lai Wong,

                    Plaintiffs,

          -against-

I.A.T.S.E. as Plan Administrator of the I.A.T.S.E.
Annuity and Pension Funds,

                    Defendant.

Case No. 1:23-cv-07629 (PAE)

## DEFENDANT MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND

SPIVAK LIPTON LLP
1040 Avenue of the Americas, 20th Floor
New York, NY 10018
212-765-2100
*Attorneys for the Fund*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... iii

PRELIMINARY STATEMENT .....................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

PROCEDURAL HISTORY..............................................................................................................4

ARGUMENT ...................................................................................................................................5

POINT I
PLAINTIFF'S FIRST CLAIM FOR RELIEF SHOULD BE DISMISSED WITH
PREJUDICE ....................................................................................................................................6

A.      Plaintiff Does Not State a Claim for Breach of the Duty of Loyalty (ERISA Section
        404(a)(1)(A))..........................................................................................................................7

B.      Plaintiff Has Not Stated a Claim for Breach of the Plan Document Rule (ERISA
        Section 404(a)(1)(D))..............................................................................................................8

C.      Plaintiff Has Not Stated a Claim for Breach of the Duty of Care (ERISA Section
        404(a)(1)(B))..........................................................................................................................12

POINT II
PLAINTIFF'S REQUEST FOR A JURY TRIAL SHOULD BE STRICKEN.............................17

CONCLUSION..............................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009).............................................................................................................5, 16

Barrs v. Lockheed Martin Corp.,
 287 F.3d 202 (1st Cir. 2002)..............................................................................................15

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007).........................................................................................................5, 16

Bernstein v. Metro. Life Ins. Co.,
 453 F. Supp. 2d 554 (D. Conn. 2006)................................................................................15

Chambers v. Time Warner, Inc.,
 282 F.3d 147 (2d Cir. 2002)...............................................................................................11

CIGNA Corp. v. Amara,
 563 U.S. 421 (2011)...........................................................................................................17

Clutter v. Long,
 2018 U.S. Dist. LEXIS 151205 (E.D.N.Y. Aug. 31, 2018),
 report and recommendation adopted,
 2018 U.S. Dist. LEXIS 171038 E.D.N.Y. Sept. 28, 2018)......................................................11

Conkright v. Frommert,
 559 U.S. 506 (2010)...........................................................................................................15

DeRogatis v. Bd. of Trs. of the Welfare Fund of the Int'l Union of Operating Eng'rs Local 15,
 904 F.3d 174 (2d Cir. 2018)..........................................................................................14, 15

DeSilva v. N. Shore-Long Island Jewish Health Sys.,
 770 F. Supp. 2d 497 (E.D.N.Y. 2011) ...............................................................................11

DiFolco v. MSNBC Cable L.L.C.,
 622 F.3d 104 (2d Cir. 2010)...............................................................................................11

Estate of Becker v. Eastman Kodak Co.,
 120 F.3d 5 (2d Cir. 1997)...................................................................................................14

Faber v. Metro. Life Ins. Co.,
 2009 U.S. Dist. LEXIS 98775 (S.D.N.Y. Oct. 23, 2009),
 aff'd, 648 F.3d 98 (2d Cir. 2011)...............................................................................5, 10, 11

Ferguson v. Ruane Cunniff & Goldfarb Inc.,
    2019 U.S. Dist. LEXIS 160112 (S.D.N.Y. Sept. 18, 2019)................................................ 7, 7-8

Goe v. Zucker,
    43 F.4th 19 (2d Cir. 2022) .........................................................................................................5

Hughes v. Northwestern University,
    142 S. Ct. 737 (2022).............................................................................................................16

In re Citigroup ERISA Litig.,
    662 F.3d 128 (2d Cir. 2011).....................................................................................................8

Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan,
    555 U.S. 285 (2009).................................................................................................................9

Med Soc'y. v. UnitedHealth Grp. Inc.,
    2017 U.S. Dist. LEXIS 146867 (S.D.N.Y. Sept. 11, 2017).....................................................11

Resner v. Arc Mills,
    1996 U.S. Dist. LEXIS 14362 (S.D.N.Y. Sept. 30, 1996)................................................. 17-18

Sacerdote v. N.Y. Univ.,
    2017 U.S. Dist. LEXIS 137115 (S.D.N.Y. Aug. 25, 2017).......................................................7

Sullivan-Mestecky v. Verizon Commc'ns Inc.,
    961 F.3d 91 (2d Cir. 2020).....................................................................................................17

Sullivan v. LTV Aero. & Defense Co.,
    82 F.3d 1251 (2d Cir. 1996)...................................................................................................17

Winfield v. Citibank, N.A.,
    842 F. Supp. 2d 560 (S.D.N.Y. 2012).....................................................................................11

**Statutes and Other Authorities**

Employment Retirement Income Security Act,
     Section 101, 29 U.S.C. § 1021 ...............................................................................15
     Section 102, 29 U.S.C. § 1022 ...............................................................................15
     Section 104, 29 U.S.C. § 1024 ...............................................................................15
     Section 404, 29 U.S.C. § 1104 ......................................................................1, 4, 17
     Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A)........................................6, 7, 17
     Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B) ......................................6, 12, 17
     Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).......................................6, 7, 9, 10, 12, 17
     Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ............................................9, 16
     Section 502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................16, 17, 18


Federal Rules of Civil Procedure,
     Rule 12(b)(6)............................................................................................................1

Defendant I.A.T.S.E. Annuity Fund and its Board of Trustees (the "Annuity Fund," the "Fund," or "Defendant"), still improperly named as "I.A.T.S.E., as Plan Administrator of the I.A.T.S.E. Annuity and Pension Funds," respectfully submits this memorandum of law in support of its motion to dismiss, with prejudice, the Second Amended Complaint ("2d Am. Compl.") of Plaintiff Ka-Lai Wong ("Wong" or "Plaintiff") under Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's jury demand.

## PRELIMINARY STATEMENT

While purportedly pled as a claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., the Second Amended Complaint is simply a claim for benefits that have been properly denied based on the Fund's rules and its claims and appeals process.

The Fund is a multiemployer employee benefit plan governed by ERISA. (See 2d Am Compl. ¶ 11.) The Fund receives contributions from employers that are parties to collective bargaining agreements with a labor union, the International Alliance of Theatrical Stage Employees ("I.A.T.S.E."), and its affiliated local unions, and provides retirement benefits to those who qualify. (Id. ¶ 13.)

Plaintiff claims Defendant breached its fiduciary duties under Section 404 of ERISA, 29 U.S.C. § 1104, in its administration of the beneficiary provisions of the Fund's Plan of benefits ("Plan"). (2d Am. Compl. ¶¶ 1, 25-35.) As a remedy, Plaintiff seeks the death benefits that the Fund has denied her because she was not properly designated as a beneficiary under the Fund's rules. (See id. ¶¶ 1, 48, seeking "monetary compensation".) Plaintiff alleges that the Fund's breach of its fiduciary duties prevented a Fund participant (Sean McClintock ("McClintock")) from naming Plaintiff as his beneficiary, despite his alleged intent to do so. (Id. ¶¶ 1, 39-40, 48.)

Plaintiff's claim should be dismissed with prejudice.  The Fund's rules and Supreme Court precedent make clear that a participant's *intent* to name a beneficiary is irrelevant if such beneficiary was not actually designated in accordance with plan rules.  Here, it is undisputed that the participant (McClintock) did *not* submit a beneficiary form naming Plaintiff as his beneficiary prior to his death, as is required by Fund rules.  This fact alone precludes Plaintiff's claim.

The Second Amended Complaint represents Plaintiff's third attempt to state a plausible claim against the Fund, and she continues to fail to do so.  Plaintiff fails to allege any facts demonstrating a breach of fiduciary duty.  To the contrary, the undisputed facts demonstrate that Plaintiff was properly denied benefits based upon the Fund's clear rules, which the Fund communicated to participant McClintock in accordance with ERISA's requirements.  In the end, Plaintiff's claim is merely a claim for benefits masquerading as a breach of fiduciary claim, which claim is not supported by the allegations in the Second Amended Complaint.

Accordingly, the Second Amended Complaint should be dismissed in its entirety and with prejudice.[1]

## **STATEMENT OF FACTS**[2]

Sean McClintock was a participant in the Annuity Fund.  (2d Am. Compl. ¶ 17.) McClintock died July 17, 2022 and was entitled to benefits from the Annuity Fund at the time of his death.  (See id. ¶¶ 21, 39.)

---

[1] While the "Pension Fund" is still named as a Defendant, the Second Amended Complaint indicates it is brought only against the Annuity Fund.  (See 2d Am. Compl. at 1, introductory paragraph; id. ¶ 9.)

[2] Solely for the purpose of this motion, the Second Amended Complaint's allegations are assumed to be true.

The Second Amended Complaint alleges that on June 25, 2022, McClintock completed a beneficiary form for the Annuity Fund designating Plaintiff (alleged to be McClintock's fiancé) as his "sole intended beneficiary." (2d Am. Compl. ¶¶ 1, 3, 5.)[3]  As noted above, McClintock died on July 17, 2022. (Id. ¶ 36.)  The Second Amended Complaint concedes that McClintock did not submit the beneficiary forms to the Fund before his death. (See id. ¶ 37.)  Rather, it is undisputed that the beneficiary form was submitted to the Fund only after McClintock's death. (See id.)  Plaintiff's claim for McClintock's death benefit based on the beneficiary form that was never submitted to the Fund before McClintock's death was denied after appeal. (See id. ¶¶ 4, 37, 38.)

The Fund only recognizes beneficiary forms submitted *before* a participant's death. (See Declaration of Sara Corello, Esq. dated November 20, 2023 ("Corello Decl."), Ex. A (Funds' March 21, 2023 letter denying Wong's appeal).)[4]  As stated on the Annuity Fund beneficiary form (attached to the Second Amended Complaint), "[t]he Fund will only recognize beneficiary forms that it actually receives before your death." (See ECF Dkt. No. 24-1, I.A.T.S.E. Annuity Fund Beneficiary Designation & Qualified Preretirement Survivor Annuity Waiver Form Instructions, at Page 10 of 51, ¶ 5 (emphasis added).)  Similarly, the Fund's Summary Plan Description ("SPD") states: "All beneficiary designations (or changes) must be made on Plan forms and received by the Plan before your death." (ECF Dkt. No. 24-1, Letter to Fund from

---

[3] Plaintiff also attached text messages purportedly between McClintock and Plaintiff, including a text message that appears to be from McClintock to Plaintiff saying "Please get a divorce and marry me. Then you can have all my property." (2d Am. Compl. Ex. ECF Dkt. No. 24-1, at Page 33 of 51.)  Plaintiff does not allege she married McClintock before his death.
[4] The Court may consider the letter denying Plaintiff's appeal on this motion to dismiss for the reasons set forth on pages 10-11, infra.

Edward W. Hayes, Esq. dated January 23, 2023 ("Hayes letter"), Page 2 of 51, quoting the SPD (emphasis added).)

The Plan also states that beneficiary forms must be received before a participant's death in order to be recognized by the Fund.  (See Corello Decl. Ex. B-1 at numbered page 34 (Annuity Plan, Section 8.08 ("A Participant may designate a Beneficiary on a form provided by the Trustees and delivered to the Trustees before death.") (Emphasis added.))[5]

Because McClintock never submitted the Fund's form designating Plaintiff as his beneficiary before his death, the Fund denied Plaintiff's initial claim and subsequent appeal seeking the death benefits on McClintock's behalf.  (2d Am. Compl. ¶¶ 4-5; Corello Decl., Ex. A (Funds' March 21, 2023 letter denying Wong's appeal).)  Based on the allegations of the Second Amended Complaint and the documents attached thereto, it is undisputed that Plaintiff was not designated as McClintock's beneficiary on a form submitted to the Fund before McClintock's death as required by the Fund's rules and therefore the Fund properly denied Plaintiff's appeal. It is also undisputed that the Fund communicated the requirement to submit any beneficiary form before death to McClintock, as it was described in the Fund's beneficiary form that he purportedly completed, as well as in the Fund's SPD.  (See 2d Am. Compl. Ex. ECF Dkt. No. 24-1, Page 2 of 51 (Hayes letter, p. 2, quoting SPD) and Page 10 of 51 (beneficiary form, p.1).)

## PROCEDURAL HISTORY

Plaintiff initially brought this action in New York County Supreme Court for common law breach of contract and breach of fiduciary duty under Section 404 of ERISA.  (See ECF Dkt. No. 1-1.)  On August 28, 2023, Defendant removed the action to this Court.  (ECF Dkt. No. 1.)

---

[5] A subsequent amendment to an unrelated provision of Plan Section 8.08 is included as Exhibit B-2 to the Corello Declaration for completeness, but the language amended is not germane to this case.

On September 5, 2023, Defendant filed a motion to dismiss the Complaint.  (ECF Dkt. No. 5.)

In response, Plaintiff filed an Amended Complaint on October 17, 2023 alleging an improper

denial of benefits under ERISA and seeking a declaration that Plaintiff is the beneficiary of

McClintock's benefits.  (ECF Dkt. No. 20.)  Plaintiff has now filed a Second Amended

Complaint with only one claim, for breach of fiduciary duty under ERISA.  (See ECF Dkt. No.

24.)

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim that is plausible on its face."  Goe v. Zucker, 43 F.4th 19, 28 (2d

Cir. 2022) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  On a motion to

dismiss, the Court may consider documents attached as exhibits to or incorporated by reference

into the complaint, as well as "documents that are integral to the Plaintiff's claims, even if not

explicitly incorporated by reference."  See, e.g., Faber v. Metro. Life Ins. Co., 2009 U.S. Dist.

LEXIS 98775, at *3-4 n.1 (S.D.N.Y. Oct. 23, 2009), aff'd, 648 F.3d 98 (2d Cir. 2011).

As discussed below, Plaintiff's claim fails as a matter of law.  Accordingly, Defendant's

motion to dismiss should be granted in its entirety.  In addition, Plaintiff is not entitled to a jury

trial on its claim.  Accordingly, Plaintiff's jury demand should be stricken.

# POINT I

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
## SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff's first and sole claim is for breach of fiduciary duty under ERISA.  But Plaintiff fails to allege any conduct by Defendant that would constitute a breach of fiduciary duty.  Her claim therefore fails as a matter of law.

Plaintiff alleges the Defendant breached its fiduciary duties under ERISA Section 404(a)(1)(A), (B) and (D).  (2d Am. Compl. ¶ 46.)  While there is no dispute that Defendant is subject to the fiduciary duties under ERISA, Plaintiff has failed to allege any facts that would constitute a breach of such duties.

The specific fiduciary duties Defendant is alleged to have breached are:

- To act "for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses for administering the plan" ("Duty of Loyalty");

- To act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims" ("Duty of Care"); and

- To act "in accordance with the documents and instruments governing the plan" ("Plan Document rule").

29 U.S.C. §§ 1104(a)(1)(A), (B), (D).  Plaintiff has failed to sufficiently allege a violation of any of the above duties.

### A.  Plaintiff Does Not State a Claim for Breach of the Duty of Loyalty (ERISA Section 404(a)(1)(A)).

Plaintiff has failed to allege that the Fund acted in the interest of anyone other than its participants and beneficiaries.  "To state a claim for breach of the duty of loyalty, a plaintiff must do more than allege that a defendant failed to act for the exclusive purpose of providing benefits to participants.  Rather, a plaintiff must allege plausible facts supporting an inference that the defendant *acted for the purpose* of providing benefits to itself or someone else."  Ferguson v. Ruane Cunniff & Goldfarb Inc., 2019 U.S. Dist. Lexis 160112, at *12 (S.D.N.Y. Sept. 18, 2019) (emphasis in original); see also Sacerdote v. N.Y. Univ., 2017 U.S. Dist. Lexis 137115, at *15-16 (S.D.N.Y. Aug. 25, 2017) (same).  The Second Amended Complaint is utterly devoid of allegations of fact that could support such an inference.

The facts as alleged – that the Fund has determined that, based on the Fund's rules, a different beneficiary is entitled to participant McClintock's death benefit – are insufficient to show a breach of the Duty of Loyalty.  The Fund has a Duty of Loyalty to "beneficiaries" as a category, not to any individual person.  29 U.S.C. § 1104(a)(1)(A).  It also has the duty to "act in accordance with the documents and instruments governing the plan."  29 U.S.C. § 1104(a)(1)(D) (See also Section B, infra.).  Therefore, absent any allegation of wrongdoing, the Fund's determination that McClintock's parents are the beneficiaries based on the rules of the Plan cannot constitute a breach of its Duty of Loyalty.  (See Corello Decl., Ex. A (Funds' March 21, 2023 letter denying Wong's appeal based on Plan rules).)  Nor has Plaintiff alleged that the Fund will benefit by not paying the death benefit to Plaintiff, only that Plaintiff disagrees with the Fund's determination as to who is entitled to the death benefit.  (See 2d Am. Compl. ¶ 39 (objecting to Fund's stated intent to pay McClintock's death benefits to his parents).)  Such disagreement does not rise to the level of a viable claim for breach of fiduciary duty.  See

7

Ferguson, 2019 U.S. Dist. Lexis 160112 at *10 ("[P]laintiffs bringing ERISA breach of fiduciary claims must allege facts focusing on a flawed process rather than unfavorable results." (citing In re Citigroup ERISA Litig., 662 F.3d 128, 140 (2d Cir. 2011)).)  Dissatisfaction with the results of the Fund's determination as to the appropriate beneficiary does not constitute a breach of the Duty of Loyalty given the lack of any allegations of "purposeful action by [the Defendant] to benefit another."  Id. at *12-13.

### B.  Plaintiff Has Not Stated a Claim for Breach of the Plan Document Rule (ERISA Section 404(a)(1)(D)).

While Plaintiff alleges the Fund breached the Plan Document rule (2d Am. Compl. ¶ 46), in fact Plaintiff is objecting to the Fund's *adherence* to its documents (not its failure to follow them).  Plaintiff was not designated as Sean McClintock's beneficiary in accordance with the Fund's rules because she was not designated on a form "delivered to the Trustees before [his] death" as required by the Plan.  (Corello Decl., Ex. A (Funds' March 21, 2023 letter denying Wong's appeal) and Ex. B (Plan Sec. 8.08, numbered page 34).)  Plaintiff does not allege any Plan rule that would allow the Fund to recognize her as McClintock's beneficiary or any Plan "documents or instruments" that the Fund failed to follow.  Plaintiff also concedes that her claim for the death benefit payable from the Fund on McClintock's behalf was denied on appeal, but has dropped any explicit claim challenging that denial.  (Compare Am. Compl. (ECF Dkt. No. 20) ¶¶ 1, 36-39 with 2d Am. Compl.)

As described above, the express terms of the Fund's Plan (also reflected in the SPD and beneficiary form) require a beneficiary form to be submitted *before* a participant's death. (Corello Decl., Ex. B, Plan Sec. 8.08, Ex. C, SPD, numbered page 13 ("All beneficiary designations (or changes) must be … received by the Plan before your death.").)  The Fund

therefore properly denied Plaintiff's appeal based on the Plan's rules.  (Corello Decl., Ex. A (Funds' March 21, 2023 letter denying Wong's appeal).)

As an employee benefit plan governed by ERISA, the Fund must follow the terms of its Plan.  See ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), (a plan must be administered "in accordance with the documents and instruments governing the plan").  A participant's intent as to his beneficiary designation is therefore irrelevant except as expressed in accordance with the Plan's terms.  See id.

Because the Fund is not alleged to have violated any Plan rules, it cannot, as a matter of law, be found to have breached ERISA Section 404(a)(1)(D) simply by refusing to recognize Plaintiff as McClintock's beneficiary when such refusal was based on its governing documents.

The U.S. Supreme Court has affirmed that ERISA benefit plans (such as the Fund) must follow their written rules in determining who is a beneficiary, without regard to external evidence.  In Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 555 U.S. 285 (2009), the Supreme Court found that even an explicit waiver of benefits by an ex-spouse in a divorce decree did not overcome a beneficiary designation that was valid under a plan's rules because otherwise "Plan administrators would be forced 'to examine a multitude of external documents that might purport to affect the dispensation of benefits'…."  Id. at 301 (internal citations omitted).

The Supreme Court stated that a claim under an ERISA plan "stands or falls by 'the terms of the plan,' [29 U.S.C.] § 1132(a)(1)(B), a straightforward rule of hewing to the directives of the plan documents that lets employers 'establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits.'"  555 U.S. at 300 (citations omitted).  The Supreme Court further stated that "ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an

uncomplicated rule: simple administration, avoid[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules." Id. at 301 (internal quotation marks and citations omitted).

Requiring the Fund to consider the texts and a post-humous letter Plaintiff submitted as an Exhibit to the Second Amended Complaint and McClintock's possible intent in order to determine his beneficiary would create exactly the "folderol" and complications that the Supreme Court says that ERISA forecloses.  (See 2d Am. Compl. Ex. ECF Dkt. No. 24-1, pp. 21-51 of 51.)

As stated above (page 5, supra), the Court can consider documents that are attached or incorporated by reference in a complaint.  In addition, in considering a motion to dismiss, the Court may review documents beyond those appearing on the face of the complaint or attached as an exhibit thereto, if the document is "integral to the plaintiff's claims, even if not explicitly incorporated by reference."  See, e.g., Faber, 2009 U.S. Dist. Lexis 98775, at *3-4 n.1.

Therefore, the Court can consider the terms of the Plan, SPD and beneficiary forms as well as the Fund's denial of Plaintiff's appeal on this motion to dismiss.  The SPD language is quoted in the exhibit to the Second Amended Complaint and the beneficiary forms are included in the exhibit to the Second Amended Complaint.  (See 2d Am. Compl. Ex. ECF Dkt. No. 24-1, Page 2 of 51 (Hayes letter, p. 2) and Pages 10-15 of 51 (beneficiary form).)

While the Plan is not quoted or annexed, it is integral to Plaintiff's claim for breach of fiduciary duty under the Plan Document rule, ERISA Section 404(a)(1)(D), 29 U.S.C.§ 1104(a)(1)(D).  Similarly, given that Plaintiff cites the Fund's denial of her appeal in support of her fiduciary breach claim (2d Am. Compl. ¶¶ 4-5, 38-40), and appends her letter of appeal (with accompanying exhibits) to the Second Amended Complaint (2d Am. Compl. Ex. ECF Dkt. No.

24-1, pp. 1-51), the Plan and the Fund's appeal denial letter are integral to the Second Amended Complaint.

A document is "integral" and thus may be considered on a motion to dismiss if the complaint "relies heavily upon its terms and effect." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal citations omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). In the context of ERISA litigation, courts "routinely consider ERISA plan documents and their summary plan descriptions on motions to dismiss," finding that such documents are "precisely" the kinds of documents on which the plaintiff's claim for benefits depends. Faber, 648 F.3d at 100-01; see also Med Soc'y. v. UnitedHealth Grp. Inc., 2017 U.S. Dist. LEXIS 146867, at *9 n.3 (S.D.N.Y. Sept. 11, 2017) (considering plan documents submitted by defendants in ruling on their motion to dismiss because the plans were integral to the complaint); Winfield v. Citibank, N.A., 842 F. Supp. 2d 560, 568 n.3 (S.D.N.Y. 2012) (same); DeSilva v. N. Shore-Long Island Jewish Health Sys., 770 F. Supp. 2d 497, 545 n.22 (E.D.N.Y. 2011) (same).

Therefore, the Fund's Plan and SPD are both integral to the Plaintiff's claims and may be considered on this motion to dismiss. Similarly, because the Fund's denial of Plaintiff's appeal is integral to her claims in the lawsuit, the Fund's March 21, 2023 written denial of Plaintiff's appeal (Corello Decl. Ex. A) may also be considered on this motion to dismiss. See Clutter v. Long, 2018 U.S. Dist. LEXIS 151205, at *29 n.4 (E.D.N.Y. Aug. 31, 2018) ("The Court may consider the denial letter because 'in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss.'") (citation omitted), report and recommendation adopted, 2018 U.S. Dist. LEXIS 171038 (E.D.N.Y. Sept. 28, 2018).

For the reasons described above, the Fund's Plan, SPD and beneficiary form all support the Fund's determination (as expressed in its denial of Plaintiff's appeal), that Plaintiff was not properly designated as McClintock's beneficiary in accordance with the Fund's rules.

In short, the Second Amended Complaint is devoid of any citation to a plan document or instrument that the Fund violated, and Plaintiff does not otherwise allege any such a violation. Plaintiff has therefore failed to allege that the Fund failed to operate in accordance with its "documents and instruments" as required to state a claim for breach of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

### C.  Plaintiff Has Not Stated a Claim for Breach of the Duty of Care (ERISA Section 404(a)(1)(B)).

Plaintiff makes several allegations of purported fiduciary breaches in the manner in which the Fund communicated and processed beneficiary designation forms.  More specifically, the Plaintiff claims that the Fund breached its fiduciary duty in its administration of the beneficiary designation process by:

- "[N]ot developing educational materials that would have helped Mr. McClintock understand the importance of beneficiary designations, how they work, the importance of updating them when life events occur, and how to update them" (2d Am. Compl. ¶ 30; see also id. ¶ 25);

- "[N]ot deliver[ing] appropriate educational materials to Mr. McClintock to remind him to make any beneficiary election changes when significant changes in life events happen" (id. ¶ 31);

- Failing to "conduct an annual review of its participants' forms to make sure that they were complete and updated" (id. ¶ 32);

12

- Failing "to use technology to ensure that the steps participants must take to make changes to their designation are effective and to educate participants, including Mr. McClintock, about how they may use that technology" (id. ¶ 27); and

-  "[F]ailing to: deploy electronic beneficiary designation processes, use email as a way to receive documents, review designations when not completed, solicit new designations upon life events, and maintain current and accurate beneficiary designations" (id. ¶ 47).

However, Plaintiff fails to identify any legal requirement under ERISA or any other authority for the Fund to have any particular process (or offer any particular technology) to make beneficiary designations.  Nor does the Second Amended Complaint allege that the Fund failed to comply with any disclosure obligation under ERISA or that it misrepresented the Fund's rules in any way.  In fact, Plaintiff attaches to its Second Amended Complaint a copy of the beneficiary form that McClintock allegedly completed (and therefore must first have received). (See ECF Dkt. No. 24-1 at Pages 10-15 of 51.)  As noted above, that form stated clearly in the instructions that "The Fund will only recognize beneficiary forms that it actually receives before your death."  (Id. at Page 10 of 51 (numbered p. 1 of beneficiary form, ¶ 5).)

Therefore, as evidenced by the documents submitted by Plaintiff, McClintock had actual notice of the rule in question.

The form also includes an address to which the form can be mailed or otherwise delivered as well as a telephone number to which the form can be faxed.  (Id. at Page 14 of 51.) Plaintiff has not alleged any act or omission by the Fund that prevented McClintock from putting the beneficiary form in the mail, delivering it to the Fund in person, or faxing it.  In fact, Plaintiff

alleges that McClintock worked in Manhattan, where the Fund Office is also located.  (2d Am. Compl. ¶ 15.)

Plaintiff is not entitled to any benefits based on written rules of the Fund (Point I(B), supra), but nevertheless is seeking to be paid McClintock's death benefit based on the Fund's purported breach of fiduciary duty.  Therefore, Plaintiff's requested relief would have to be *despite* the Fund's rules.  But to be entitled to such relief, Plaintiff must allege some wrongdoing by the Fund, which she has failed to do.

While the Fund has a duty to provide participants and beneficiaries with accurate information, the Fund has met its obligation by clearly communicating the rule in question through the SPD and beneficiary forms.  As stated by the Second Circuit in DeRogatis v. Bd. of Trs. of the Welfare Fund of the Int'l Union of Operating Eng'rs Local 15, 904 F.3d 174, 179 (2d Cir. 2018), "[w]e have long interpreted ERISA to require that Plan fiduciaries provide 'complete and accurate' information to plan members and beneficiaries about their benefits" (quoting Estate of Becker v. Eastman Kodak Co., 120 F.3d 5, 10 (2d Cir. 1997)).  But to breach that duty, the Fund must both misrepresent the rules and fail to clearly communicate those rules.  "[C]laims for a breach of that duty are based on a combination of unclear written plan materials and misrepresentations made by plan agents who were not themselves fiduciaries."  Id.  Here there is no allegation that either the plan materials were unclear or that there was any misrepresentation. Both elements are required to find a breach of the duty to provide accurate information.

The DeRogatis court held that when a plan's summary plan description (SPD) is clear, even a misrepresentation of the plan's rules would not establish a breach of fiduciary duty, as the Fund would have satisfied its "fiduciary duty to provide complete and accurate information" through its SPD.  Id.  Therefore, no breach of the Duty of Care can be found when, as here, there

is neither an alleged misrepresentation nor an alleged failure to provide information required by ERISA.

Essentially, Plaintiff claims that because McClintock had no valid beneficiary form on file at the time of his death, the Fund must have breached its fiduciary duties with respect to the beneficiary designating process.  For example, Plaintiff claims that the Fund breached its fiduciary duty by failing to implement measures that "would have helped Mr. McClintock understand the importance of beneficiary designations, how they work, the importance of updating them when life events occur, and how to update them."  (2d Am. Compl. ¶ 30, see also ¶¶ id. 25, 31, 35).  But ERISA imposes no such particularized duty on the Fund.  As stated in Bernstein v. Metro. Life Ins. Co., 453 F. Supp. 2d 554 (D. Conn. 2006):

> Absent a promise or misrepresentation, the courts have almost uniformly rejected claims by plan participants or beneficiaries that an ERISA administrator has to volunteer individualized information taking account of their peculiar circumstances.  This view reflects ERISA's focus on limited and general reporting disclosure requirements, 29 U.S.C. §§ 1021, 1022, 1024, and also reflects the enormous burdens an obligation to proffer individualized advice would inflict on plan administrators. In general, increased burdens necessarily increase costs, discourage employers from offering plans, and reduce benefits to employees.  (internal citations omitted).

Id. at 559-60 (citation omitted) (finding plan administrator had no duty to inform employee's life insurance beneficiary that the employee failed to pay his insurance premium, despite a request to do so).

As the DeRogatis court cautioned, "Courts must be mindful to preserve ERISA's 'careful balanc[e]' between the interests of 'ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans.'"  904 F.3d at 193-94 (quoting Conkright v. Frommert, 559 U.S. 506, 517 (2010)); see also Bernstein, 453 F. Supp at 559 ("'[W]here ERISA itself specifies a notice requirement, courts must be especially cautious in creating additional ones.'") (quoting Barrs v. Lockheed Martin Corp., 287 F.3d 202, 207 (1st Cir. 2002).)

The Supreme Court in <u>Hughes v. Northwestern University</u>, 142 S. Ct. 737 (2022), similarly warned that because "the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs," in determining whether ERISA plaintiffs stated a plausible claim of fiduciary breach, "courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise" while applying "the pleading standard discussed in <u>Twombly</u> and <u>Iqbal</u>. <u>Id.</u> at 742.

Here, Plaintiff is asking the Court not just to amend the Plan but also to amend ERISA to require that retirement plans distribute and communicate beneficiary forms in a particular way. While fiduciaries have an obligation to communicate plan rules accurately in a Summary Plan Description and not misrepresent those rules to participants, there is no support in ERISA or the case law for an affirmative duty to distribute, communicate or accept beneficiary forms in any particular manner.

More importantly, Plaintiff does not seek any relief with respect to the Fund's beneficiary process; rather, she seeks to be recognized as McClintock's beneficiary.  In other words, the fiduciary breach claim is simply a nonviable claim for benefits in disguise.  Plaintiff should not be allowed to pursue through an alleged breach of fiduciary duty under ERISA Section 502(a)(3) the relief which she cannot obtain as a claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), based on the rules of the Plan, absent both a misrepresentation from the Fund and a failure of the Fund to communicate the rule.

In summary, the facts as alleged by Plaintiff or shown in the undisputed documents submitted by Plaintiff or otherwise integral to the Second Amended Complaint show that the Fund properly denied Plaintiff's claim to be McClintock's beneficiaries based on the clear rules of the Plan, which rules were communicated in the SPD and the beneficiary form completed by

McClintock.  As such, Plaintiff has failed to show that the Fund breached its Duty of Loyalty or Care or failed to follow plan documents or instructions.  See 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

## POINT II

## PLAINTIFF'S REQUEST FOR A JURY TRIAL SHOULD BE STRICKEN

Plaintiff's demand for a jury trial should be stricken because Plaintiff seeks equitable remedies.

Plaintiff alleges a breach of ERISA Section 404(a), 29 U.S.C. § 1104(a), and seeks relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).  But there is no right to a jury trial on a claim that the Fund allegedly violated its fiduciary duty.  See Sullivan-Mestecky v. Verizon Commc'ns Inc., 961 F.3d 91, 102–03 (2d Cir. 2020) (explaining that ERISA's "fiduciary duties draw much of their content from the common law of trusts").  Despite Plaintiff's requests for "monetary relief," (2d Am. Compl. ¶¶ 1, 48), ERISA Section 502(a)(3) only authorizes a plan participant to "enjoin any act or practice" or "obtain other appropriate equitable relief."  See 29 U.S.C. § 1132(a)(emphasis added).  The term "'appropriate equitable relief' in the statute refers to 'those categories of relief' that, traditionally speaking . . . were typically available in equity."  CIGNA Corp. v. Amara, 563 U.S. 421, 439 (2011).  Traditionally, a "trustee was only suable in equity."  Id. at 440 (citation and internal quotation marks omitted).

Accordingly, there is no right to a trial by jury for Plaintiff's claim under Section 502(a)(3).  See, e.g., CIGNA, 563 U.S. at 439 (stating case "by a beneficiary against a plan fiduciary . . . is the kind of lawsuit that" would have been brought in equity); Sullivan v. LTV Aero. & Defense Co., 82 F.3d 1251, 1257-59 (2d Cir. 1996) (granting motion to strike jury demand in claim for ERISA benefits brought under 29 U.S.C. § 1132(a)(3)); Resner v. Arc Mills,

1996 U.S. Dist. LEXIS 14362, at *4-5, 8 (S.D.N.Y. Sept. 30, 1996) (finding no right to a jury trial under Section 502(a)(3) because that provision "provides only for civil actions to enjoin any act or practice which violated the statute or to obtain other appropriate <u>equitable relief</u>") (emphasis added).

Accordingly, Plaintiff's jury demand should be stricken.

## <u>CONCLUSION</u>

For the foregoing reasons, the Fund's motion to dismiss the Second Amended Complaint with prejudice and strike the jury demand should be granted in its entirety.


Dated: New York, New York
         November 20, 2023

SPIVAK LIPTON LLP
1040 Avenue of the Americas, 20th Floor
New York, NY 10018
Tel: (212) 765-2100
Email: scorello@spivaklipton.com
       gcostello@spivaklipton.com
*Attorneys for the Fund*


By: _____/s/_____
         Sara Corello
         Gillian Costello