IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JIMMY BROOKS ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:12-cv-00821 |
| ) | DISTRICT JUDGE SHARP |
| WELLS FARGO BANK, N.A., ) | MAGISTRATE JUDGE GRIFFIN |
| ) | |
|     Defendants. ) | |

**WELLS FARGO'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Wells Fargo Bank, N.A., (hereinafter, "Wells Fargo"), submits this Reply in support of its Motion to Dismiss and to rebut arguments raised in Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss.

**I. ARGUMENT**

**A. Standard of Review for under the TCPA.**

In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts that, if proved, would entitle the plaintiff to relief. *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671 (6th Cir. 2006) (citation omitted). While mere notice pleading will generally suffice under Rule 12(b)(6), Tennessee law imposes a heightened pleading requirement for allegations arising under the Tennessee Consumer Protection Act ("TCPA"), and those involving fraud and/or civil conspiracy. *See* Tenn. R. Civ. P. 9.02, Comm. Comments; *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999) (requiring TCPA claims to be pled with same particularity that Tenn. R. Civ. P. 9.02 requires of fraud claims); *McGee v. Best*,

1

106 S.W.3d 48, 64-65 (Tenn. Ct. App. 2002) (recognizing heightened pleading standard for civil conspiracy claims). When analyzing Rule 9.02 of the Tennessee Rules of Civil Procedure in conjunction with the TCPA, a U.S. District Court for the Western District of Tennessee applied Rule 9(b) of the Federal Rules of Civil Procedures to the Plaintiff's TCPA claims instead of Rule 12(b)(6). *Asemota v. Suntrust Mortg.*, No. 11-2816-STA-dkv, 2012 U.S. Dist. LEXIS 83744, at *37-38 (W.D. Tenn. 2012) ("state procedural rules do not apply in federal court, the Court must apply Rule 9(b)'s requirements to Plaintiffs' TCPA claim"). Therefore, at a minimum, the Plaintiff is required to allege the time, place, and content of the allegedly deceptive and unfair actions. *Id.* at *38. This Court should apply the heightened pleading standards found under Rule 9 of the Federal Rules of Civil Procedure to Plaintiff's Complaint.

**B. Plaintiff has Failed to Allege Any Facts that Give Rise to a Claim Under the TCPA.**

Plaintiff response to Wells Fargo's Motion to Dismiss states, "[t]he facts as alleged in the Plaintiff's Complaint establish conduct . . . which is both 'unfair' and 'deceptive,'" but Plaintiff has failed to articulate what, if any facts, are "unfair" and "deceptive." (*See* Doc. No. 7). Plaintiff's response merely defined the term deceptive, but never conveyed any fact that met the definition. Wells Fargo's has not been given notice of the particular conduct that Plaintiff alleges violates the TCPA. The Complaint merely states that the "Defendant misled the Plaintiff as to the requirements to qualify for the forbearance," but Plaintiff does not allege any particular unfair or deceptive act as required by Rule 9(b). *See Asemota*, 2012 U.S. Dist. LEXIS 83744, at *37-38; (Doc. No. 1, ¶ 6).

With the heightened pleading standards, it is clear that none of the theories set forth in the Complaint are sufficient to state a claim against Wells Fargo. Plaintiff has failed to allege any

facts that give rise to a claim whereby he would be entitled to any damages from Wells Fargo; therefore, Wells Fargo's motion to dismiss should be granted.

### C. The TCPA Does Not Apply to Plaintiffs' Lender Relationship with Wells Fargo.

In addition, Plaintiff's actions, as alleged, arguably do not even give rise to a cause of action under the TCPA. The TCPA prohibits "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a). Based on this language, the Tennessee Supreme Court held that the TCPA applies only to those unfair practices affecting "trade or commerce," as those terms are statutorily defined. *Pursell v. First Am. Nat'l* Bank, 937 S.W.2d 838, 841 (Tenn. 1996). The TCPA narrowly defines "trade" or "commerce" as "advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things valued wherever situated." Tenn. Code Ann. § 47-18-103(19).

In applying that definition to lending relationships between a lender and debtor, courts have concluded that the TCPA does not apply to forbearance and foreclosure activities. *See Pursell*, 937 S.W.2d at 842 (affirming the dismissal of a TCPA claim for improper repossession of collateral by a bank because such conduct did not affect trade or commerce); *Paczko v. Suntrust Mortg., Inc.*, No. m2011-02528-COA-R3-CV, *4 (Tenn. Ct. App. 2012); (holding the TCPA did not create a cause of action for deceptive repossession procedures); *Vaughter v. BAC Home Loans Serv., LP*, No. 3:11-cv-00776, 2012 U.S. Dist. LEXIS 6066, at *16-17 (M.D. Tenn. Jan. 19, 2012) (dismissing TCPA claim relating to a foreclosure because the bank's conduct did not affect trade or commerce) (E.D. Tenn. Aug. 27, 2010); *Hunter v. Washington Mutual Bank*, No. 2:08-CV-069, 2008 U.S. Dist. LEXIS 71587, at *15-16 (E.D. Tenn. Sept. 10, 2008)

3

(dismissing TCPA claim relating to bank's debt collection activities against a debtor). The same result is appropriate here.

Wells Fargo's alleged banking functions (negotiating a forbearance agreement and foreclosing on a loan) plainly do not meet the definition of "trade or commerce" under the TCPA. As Tennessee courts have concluded, such relationships do not affect trade or commerce. Accordingly, Plaintiffs' TCPA claim should be dismissed.

## II. CONCLUSION

In Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Plaintiffs did not articulate any facts sufficient to state a claim against Wells Fargo. Because Plaintiffs' Complaint asserts no allegation against Wells Fargo that satisfies the federal pleading requirements of *Twombly* and *Iqbal* and the TCPA does not apply to Plaintiff's lending relationship with Wells Fargo, Plaintiffs' Complaint should be dismissed as a matter of law.

/s/ Johnathan Cole
**JONATHAN COLE (#16632)**
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5600 (Telephone)
(615) 744-5600 (Facsimile)
jcole@bakerdonelson.com
dlewis@bakerdonelson.com

*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of September 2012, a copy of the foregoing was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, in which case the document was electronically mailed to said party:

G. KLINE PRESTON, IV
Kline Preston Law Group, P.C.
4515 Harding Pike, Suite 107
Nashville, Tennessee 37205
kpreston@klinepreston.com

        /s/ Jonathan Cole
        Jonathan Cole